FILED
 2009 Dec-23  AM 08:11
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CARRIE R. MCALISTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )  **Civil Action No. 09-S-00802-NE** |
| **BLAKE DORNING, as Sheriff;** | ) |
| **BLAKE DORNING, as an** | ) |
| **Individual; and DAMIEN** | ) |
| **TURNER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This action arises out of the alleged harassment of plaintiff, Carrie R. McAlister, by defendant jail guard Damien Turner while plaintiff was serving time in the consolidated jail facility operated jointly by the City of Huntsville and Madison County, Alabama, for violation of a municipal ordinance.[1]  Plaintiff sues two defendants: jail guard Damien Turner, and Madison County Sheriff Blake Dorning, in both his official capacity as sheriff and individually.[2]  Plaintiff alleges under 42 U.S.C. § 1983 that unidentified constitutional rights have been violated (Count Four).[3]  In addition, plaintiff alleges state law claims of negligence or wantonness (Count One), assault and battery (Count Two), intentional infliction of emotional

---

[1] *See* doc. no. 1 (notice of removal), at attached complaint, ¶¶ 1-4.

[2] *Id.* at the style of the case.

[3] *Id.* ¶ 12.

distress (Count Three), and conspiracy (Count Five).[4]  The case presently is before the court on a motion to strike[5] and two motions to dismiss,[6] all filed by Sheriff Blake Dorning.  The first motion to dismiss attacks the complaint on a variety of fronts, arguing that plaintiff failed to satisfy the heightened pleading standard required in actions founded on 42 U.S.C. § 1983, that the complaint was an impermissible "shotgun" pleading, and that the defenses of qualified immunity and immunity under the Eleventh Amendment protect Sheriff Dorning.  The second motion to dismiss argues that plaintiff's case should be dismissed because plaintiff failed to respond to the "show cause" order entered May 19, 2009.[7]  The motion to strike asserts that the court should strike plaintiff's response to the first motion to dismiss because plaintiff was delinquent in filing it.  Upon consideration, the court finds that the first motion to dismiss is due to be granted in part and denied in part. The second motion to dismiss and the motion to strike are due to be denied.[8]

## I.  STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides the basis for a motion to

---

[4] *Id.* ¶¶ 5-10 and 13-14.

[5] *See* doc. no. 7 (motion to strike filed by Sheriff Blake Dorning).

[6] *See* doc. nos. 2 (motion to dismiss filed by Sheriff Blake Dorning) and 8 (motion to dismiss due to plaintiff's failure to show cause filed by Sheriff Blake Dorning).

[7] *See* doc. no. 5.

[8] Although the court might be within its rights to dismiss the case based on plaintiff's failure to respond to the show-cause order and to strike plaintiff's late response to defendant's motion to dismiss, the court chooses to address the substantive issues before it, in the interest of justice.

dismiss a complaint for failure to state a claim upon which relief can be granted. The Rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "There are two other provisions of Rule 8 that are pertinent: 'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading are required.' Fed. R. Civ. P. 8(e)(1); and 'All pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." *Gorski v. New Hampshire Dept. of Corrections*, 290 F.3d 466, 473 n.5 (1st Cir. 2002). *See also Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

While such pleading standards do not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), they do demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

> To survive a motion to dismiss [founded upon Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

3

*Id.* (bracket alteration added, internal quotation marks and citations omitted).

In addition, more detail is required when claims against county law-enforcement officers are based upon 42 U.S.C. § 1983.

> [W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing [his, her, or] its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out [his, her, or] its claim.  Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims.  This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

*GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998) (Bracketed alterations added, citations omitted).

## II.  ALLEGATIONS OF PLAINTIFF'S COMPLAINT

When, as in the present case, county law-enforcement officers seek the dismissal of § 1983 claims on the basis of the affirmative defense of "qualified immunity," the court is required to answer the legal question of whether the officers are entitled to immunity under *the plaintiff's* version of the facts.  *See, e.g.*, *Saucier v. Katz*, 533 U.S. 204, 201 (2001) ("A court required to rule upon the qualified immunity issue must consider . . . this threshold question:  *Taken in the light most favorable to the party asserting the injury*, do the facts alleged show the officer's conduct violated a constitutional right?") (emphasis supplied).  Accordingly, while

4

the following statements may not be the actual facts of this case, they either are alleged in the complaint, or are statements that may be reasonably inferred from the allegations contained within the four corners of that pleading.

Because the fact section of plaintiff's complaint is brief, it is quoted in its entirety here:

> 1. On or about November 6, 2007, while Plaintiff Carrie R. McAlister was serving time for [a] Municipal Ordinance violation, Defendant Damien Turner removed Plaintiff from her jail cell.
>
> 2. Defendant Turner escorted the handcuffed Plaintiff down the hallway to the employee bathroom. Defendant Turner handcuffed Plaintiff to the "hitching post[,]" a hand-rail attached to the wall. Plaintiff remained handcuffed [to the] hitching post in the hallway and Defendant Turner stepped into the employee bathroom and removed his penis from his pants and showed it to the Plaintiff.
>
> 3. Prior to this incident Defendant Turner would contact Plaintiff through the intercom system in the jail. The other female inmates would hear him talk dirty to the Plaintiff. Other female inmates complained to the jail about his advances but nothing was done to Defendant Turner.
>
> 4. On another occasion Defendant Turner gave Plaintiff his telephone number so Plaintiff could contact him upon her release. A second officer approached Plaintiff and requested that Plaintiff return the piece of paper with Defendant Turner's telephone number on it to the second officer. Plaintiff was informed by this second officer that if the piece of paper was not handed over that the second officer would "toss" her bunk and would take away Plaintiff's privileges. The piece of paper was given to the second officer by the Plaintiff.[9]

---

[9] Doc. no. 1 (notice of removal), at attached complaint, ¶¶ 1-4.

### III.  DISCUSSION

**A.**  *Federal Claim*

After incorporating by reference all prior paragraphs, plaintiff's § 1983 claim (Count Four of the complaint) reads, in its entirety, as follows:

> 12.  Plaintiff['s] rights as a citizen under Title 42 U.S.C. § 1983; Title 42 U.S.C. 1988; Title 42 U.S.C. §[§] 1331 and 1332; Title 42 U.S.C. § 1343(c) have been violated and as a proximate result I have been injured and damaged as described below.  The City of Huntsville and/or the County of Madison, Alabama failed to act when they had notice of Officer Turner's propensity to abuse his authority.  The City of Huntsville and/or the County of Madison, Alabama, failed to have a policy in place to prevent such behavior or failed to follow their own rules.  The City of Huntsville and/or the County of Madison, Alabama, failed to institute or implement a constitutionally compliant policy governing such situations.  Such actions and omissions were willful or malicious and were aggravated in nature and constituted a conscious or callous indifference to my rights under the Constitution of the United States.[10]

This claim is defective in several respects.  First, a § 1983 claim requires the plaintiff to plead the violation of an underlying federal right by the defendants.  Section 1983 does not create any substantive rights; instead, the statute merely provides a remedial means of seeking monetary damages and other relief from state, county, or municipal entities and officials whose policies or conduct under color of state law allegedly deprived a plaintiff of rights, privileges, or immunities established

---

[10] *Id.* ¶ 12.  42 U.S.C. § 1983 is the only section listed by plaintiff that authorizes a claim against government officials.  42 U.S.C. § 1988 covers jurisdictions issues and the recovery of attorney and expert fees.  42 U.S.C. §§ 1331 and 1332 were repealed.  42 U.S.C. § 1343(c) does not exist.

6

elsewhere, by either the United States Constitution or federal statutes. *See* 42 U.S.C. § 1983. Here, plaintiff simply makes a general claim that her constitutional rights were violated. Such generic pleading is not sufficient.

Moreover, even assuming that plaintiff adequately alleged a violation of a constitutional right (which she does not), she still failed to allege that Sheriff Dorning caused the violation. In fact, plaintiff fails to allege even a single action by Sheriff Dorning, either individually or in his official capacity.

Furthermore, not only did plaintiff fail to adequately plead the elements of a § 1983 claim, she also failed to overcome the presumption of qualified immunity that arises in this case.[11] The Supreme Court prescribed a two-part analytical-framework for determining whether a public official is entitled to the protections of qualified

---

[11] Qualified immunity is an affirmative defense, and it provides complete protection for governmental officials sued in an individual capacity whose discretionary acts violate "no clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, e.g.*, *Thomas ex rel. Thomas v. Roberts*, 261 F.3d 1160, 1170 (11th Cir. 2001) (same). The public policy purpose undergirding the defense is that of allowing public officials to perform discretionary functions without the fear of personal liability or harassing litigation. *See, e.g.*, *Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007). In order to be entitled to this immunity from suit and damages, therefore, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. If the defendant was not acting within his discretionary authority, he is ineligible for the benefit of qualified immunity." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citations and internal quotation marks omitted).

Plaintiff does not dispute that defendants were acting within the scope of their discretionary authority. Consequently, the burden shifts to plaintiff to demonstrate that qualified immunity is not appropriate by showing the deprivation of a federal constitutional or statutory right that was clearly established at the time of the official's action. *See, e.g.*, *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991).

immunity in *Saucier v. Katz*, 533 U.S. 194 (2001);[12] *see also, e.g., Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009) (recognizing that this Circuit generally follows *Saucier's* two-part test when "analyzing the applicability of qualified immunity"). Under that test, the "threshold question" that must be asked is whether the facts, viewed "in the light most favorable to the party asserting the injury," show that "the officer's conduct violated a constitutional right?" *Id*. at 201. If that question is answered affirmatively, the court may proceed to determine whether that right was "clearly established" at the time of the violation. *Id*. In her complaint, plaintiff failed to identify a specific constitutional right of any kind, much less a "clearly established" right, violated by defendants. Consequently, defendants are personally immune from suit under § 1983.

Finally, the Eleventh Amendment bars a § 1983 claim against Sheriff Dorning in his official capacity. *See Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997) (holding that sheriffs in Alabama are protected by the Eleventh Amendment from suit under § 1983 in their official capacity). For the all of the foregoing reasons, plaintiff's federal claim against Sheriff Dorning must fail.

**B.**   *Defendant Jail Guard Damien Turner*

---

[12] The Supreme Court recently relieved lower courts from mandatory adherence to the order of the two-part *Saucier* test. *See Pearson v. Callahan*, — U.S. —, 129 S. Ct. 808, 818 (2009) ("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory.").

Presumably because defendant jail guard Damien Turner has not been served, he did not join Sheriff Dorning in challenging plaintiff's complaint. However, plaintiff's failures to adequately plead an underlying constitutional right and rebut the presumption of qualified immunity that are discussed above apply equally to plaintiff's claims against jail guard Damien Turner. Consequently, in the interest of judicial economy, the court concludes *sua sponte* that the § 1983 claim against guard Turner is due to be dismissed as well.

**C.**   *State-Law Claims*

In cases such as this one, in which this court's jurisdiction is based solely upon a federal question, the district court has discretion to entertain state-law claims that are supplemental to the federal claim. *See* 28 U.S.C. § 1367(a).[13]  Even so, Congress permits district courts to decline to exercise such supplemental jurisdiction in several circumstances:

(1)   the claim raises a novel or complex issue of State law,

(2)   the claim substantially predominates over the claim or claims over

---

[13] 28 U.S.C. § 1367(a) provides that:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

>
> which the district court has original jurisdiction,
>
> (3)   the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The Supreme Court added a gloss to this statutory language in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), when observing that

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendant [now "supplemental"] state-law claims.  When the balance of these factors indicates that a case properly belongs in state court, *as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain*, the federal court *should decline* the exercise of jurisdiction by dismissing the case without prejudice.

*Id*. at 349-50 (emphasis supplied) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7; *see also L.A. Draper & Son V. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (stating that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state

10

claims").

Here, plaintiff's federal claims will be dismissed pursuant to defendant Sheriff Dorning's motion to dismiss. Accordingly, this court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Those claims will be remanded to state court. An appropriate order will be entered contemporaneously herewith.

## IV. CONCLUSION

In accordance with the foregoing, the first motion to dismiss filed by defendant Sheriff Blake Dorning is due to be GRANTED as to Count Four of the complaint, but DENIED in all other respects.[14] Count Four of the complaint is due to be DISMISSED as to ALL defendants with prejudice. The second motion to dismiss, based on plaintiff's failure to show cause, filed by defendant Sheriff Dorning is due to be DENIED as moot.[15] The motion to strike filed by defendant Sheriff Dorning is due to be DENIED.[16] An appropriate order will be entered contemporaneously herewith.

DONE this 22nd day of December, 2009.

_____
United States District Judge

---

[14] *See* doc. no. 2.

[15] *See* doc. no. 8.

[16] *See* doc. no. 7.